**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN UTESCH, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff(s), | Civil Action No. 2:16-cv-005932-WB |
| v. | **CLASS ACTION** |
| LANNETT COMPANY, INC., ARTHUR P. BEDROSIAN, and MARTIN P. GALVAN, | Judge Wendy Beetlestone |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

The University of Puerto Rico Retirement System ("UPR Retirement System" or the "System")  respectfully submits this Memorandum of Law in support of their motion to:  (i) appoint the UPR Retirement System as Lead Plaintiff; (ii) approve UPR Retirement System's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel; (iii) approve the UPR Retirement System's selection of the law firm of Profy Promisloff & Ciarlanto, P.C., as Liaison Counsel; and (iv) grant such other and further relief as the Court may deem just and proper.

## I.     PRELIMINARY STATEMENT

This action was commenced as a securities class action on behalf of all those who purchased shares of Lannett Company, Inc. ("Lannett" or the "Company") during the period from September 12, 2013, through November 3, 2016, inclusive, (the "Class Period") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Lannett and the following Lannett officers during the relevant time period:  Arthur P. Bedrosian,   and   Martin   P.   Galvan   (collectively   with   Lannett,   the   "Defendants").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest in the relief sought by the class" who also makes a *prima facie* showing of being a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This motion is made on the grounds that the UPR Retirement System is the most adequate Plaintiff, as defined by the PSLRA, because, to the best of the System's knowledge, it has the largest financial interest of

any moving class member or plaintiff who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* Promisloff Decl. Ex. B.[1]

The UPR Retirement System has suffered substantial financial losses in connection with their purchases of Lannett common stock during the Class Period.  *See* Promisloff Decl. Ex. B. Furthermore, the System adequately satisfies the requirements of Fed. R. Civ. P. Rule 23 in that its claims are typical of the claims of the putative class and that the UPR Retirement System will also fairly and adequately represent the interests of the class.  In addition, the UPR Retirement System has selected law firms with substantial experience in prosecuting securities class actions to serve as lead counsel and liaison counsel for the class.

## II.    FACTUAL BACKGROUND

Lannett[2] develops, manufactures, packages, markets and distributes generic versions of brand-name pharmaceutical products in the United States.[3]  The Complaint alleges that, during the Class Period, Defendants failed to disclose to shareholders that Lannett's drug pricing relied on unsustainable pricing methodologies, and that Lannett lacked effective internal controls concerning its drug pricing methodologies.

As a result of these actions Lannett's public statements were materially false and misleading at all relevant times and spurred investigations by the State of Connecticut Attorney General ("Connecticut Attorney General") and the U.S. Department of Justice ("DOJ").

---

[1] References to the "Promisloff Decl., Ex. __" are to the exhibits attached to the Declaration of David M. Promisloff in Support of the Motion by the University of Puerto Rico Retirement System for Appointment as Lead Plaintiff, and Approval of Selection of Lead and Liaison Counsel, dated January 17, 2017 and filed concurrently herewith.

[2] Lannett is incorporated in Delaware with its principal executive offices in this District at 9000 State Road Philadelphia, Pennsylvania 19136.

[3] The factual background section is taken from the allegations contained in the complaint filed in *Utesch v. Lannett Company Inc., et al.*, 2:16-cv-005932-WB (E.D. Pa.)

On July 16, 2014, Lannett disclosed that it had received interrogatories and a subpoena from the Connecticut Attorney General. Lannett shares fell approximately 22% over the next two trading days.

On November 6, 2014, the Company disclosed that a Senior Vice President of Sales and Marketing for the Company was served with a grand jury subpoena relating to a federal investigation of the generic pharmaceutical industry. Lannett shares dropped approximately 5.6% over the following two trading days. One month later on December 8, 2014, Lannett disclosed that the Company had been served with a grand jury subpoena related to the continuing federal investigation of the generic pharmaceutical industry's possible violations of the Sherman Act. Shares of Lannett dropped approximately 12.6% over the next two trading days.

On November 3, 2016, *Bloomberg* published an article titled "U.S. Charges in Generic Drug Probe to Be Filed by Year-End," which revealed that the DOJ may file criminal charges in connection with its investigation of a dozen companies, including Lannett. Lannett shares fell approximately 27%.

Defendants' misconduct and the revelations thereof have caused Lannett's investors to incur significant losses.

## III.    ARGUMENT

The UPR Retirement System respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, 2014 U.S.

Dist. LEXIS 49595, at *7-8 (E.D. Pa. Apr. 9, 2014).

## A.   THE EXCHANGE ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

On December 22, 1995, Congress amended the Exchange Act by enacting the PSLRA. Specifically, Section 21D(a)(3)(A)(i) of the Exchange Act provides that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

On November 16, 2016, a notice was published by The Rosen Law Firm on *Business Wire* announcing the filing of a class action lawsuit in the U.S. District Court for the Eastern District of Pennsylvania on behalf of purchasers of Lannett securities.  *See* Promisloff Decl. Ex. A.  The notice advised members of the purported class of the pendency of the action, the claims asserted, the purported Class Period and that anyone who wished to serve as Lead Plaintiff needed to make a motion to the Court no later than 60 days from the date of the notice.  As a result, the notice satisfied all the requirements of the PSLRA.  *See generally In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 193 n.11 (3d Cir. 2005).

Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by purported class members to serve as Lead Plaintiffs in response to any such notice by the later of: (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims,

and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group

of persons who:

> (aa)    has either filed the complaint or made a motion in the response to a notice
>           . . .;
>
> (bb)    in the determination of the court, has the largest financial interest in the
>           relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of
>           Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B).

That presumption may be rebutted where the otherwise presumptively most adequate

plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of
>           adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The PSLRA also provides that the "most adequate plaintiff

shall, subject to the approval of the court, select and retain counsel to represent the class."  15

U.S.C. § 78u-4(a)(3)(B)(v).

**B.    THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM
SHOULD BE APPOINTED THE LEAD PLAINTIFF FOR THE CLASS**

The System satisfies the prerequisites for appointment as Lead Plaintiff.  The System has

the largest loss of any known member or group of members who have filed a complaint or

expressed a desire to serve as Lead Plaintiff.  In addition, the UPR Retirement System is typical

of the other class members and there are no deficiencies in the System's adequacy which would

cause it to be an inappropriate choice to serve as Lead Plaintiff.

**1.      The System Has Filed A Lead Plaintiff Motion**

The first requirement to being appointed a Lead Plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, the UPR Retirement System is making such a motion, and by this motion the System satisfies the first prong of the most adequate plaintiff test.

**2.      The System Has The Requisite Financial Interest In The Relief Sought By The Class**

The second prerequisite to being appointed a Lead Plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of those persons moving to be appointed Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The UPR Retirement System incurred significant losses during the Class Period. *See* Promisloff Decl. Ex. B.  The System believes it has the largest financial interest in the recovery sought in this action and, accordingly, it is presumed to be the most adequate Lead Plaintiff and should be appointed as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3).

**3.      The System Otherwise Satisfies Rule 23**

The Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

6

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See, e.g.*, *Sapir v. Averback*, 2015 U.S. Dist. LEXIS 24113 (D.N.J. Feb. 26, 2015). As detailed below, the System satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if the claims "arise from the same course of events, and involve the same legal theory as to the claims of the rest of the class." *In re Processed Egg Prods. Antitrust Litig.*, 312 F.R.D. 124, 133 (E.D. Pa. 2015). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (typicality satisfied despite factual distinctions between claims of named plaintiffs and class members).

The System satisfies this requirement because, just like all other members of the Class, its claims arise from the very same course of conduct as the claims of the other members of the Class. The System, as the other members of the Class, purchased Lannett securities during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and were damaged thereby. Thus, the System's claims are typical of those of the other Class members because its claims and the claims of other Class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the

7

adequacy of a plaintiff to represent the class to the existence of any conflicts between the interests of the proposed Lead Plaintiff and the members of the Class.  The courts in this District have found that adequacy depends on: (1) whether the representative party has any conflicts of interest with other class members; and (2) whether the Lead Plaintiff's counsel is qualified, experienced and able to prosecute the action vigorously on behalf of the class.  *In re Herley Indus. Secs. Litig.*, 2009 U.S. Dist. LEXIS 91600, at *41 (E.D. Pa. Sep. 30, 2009).

Here, the UPR Retirement System has no conflicts with the interests of the Class.  It wants to obtain the maximum recovery for the Class so as to maximize their pro rata share of that recovery.  The UPR Retirement System and its counsel have already demonstrated that they will prosecute the claims of the Class vigorously by having executed a certification, acted to file this motion and seeking to assert claims on behalf of the Class.

In addition, as shown below, the System's proposed counsel are highly qualified, experienced and able to conduct this complex litigation vigorously and in a professional manner.  Thus, the System satisfies the adequacy requirements of Rule 23.

Accordingly, the UPR Retirement System satisfies the requirements of Section 21D(a)(3)(B) and is presumptively the most adequate plaintiff.  Unless this presumption is rebutted, the University of Puerto Rico Retirement System must be appointed Lead Plaintiff.  *See Janovici v. DVI, Inc.*, 2003 U.S. Dist. LEXIS 22315, at *14-15 (E.D. Pa. Nov. 25, 2003).

C.    **THE COURT SHOULD APPROVE THE SYSTEM'S CHOICE OF COUNSEL**

The Exchange Act provides that the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  In that regard, UPR has selected and retained Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel.

Abraham, Fruchter & Twersky, LLP has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions. *Accord, e.g.*, *Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, No. 07-10528 (RWS), Dkt. No. 15 at 8 (S.D.N.Y. Aug. 11, 2008) (appointing Abraham, Fruchter & Twersky, LLP as lead counsel).   Similarly, Profy Promisloff & Ciarlanto, P.C., has extensive experience in prosecuting actions of this nature and is well-qualified to serve as liaison counsel.   Firm biographies for proposed lead and liaison counsel are submitted for the Court's convenience. *See* Promisloff Decl. Ex. C, D.

## CONCLUSION

In light of the foregoing, the University of Puerto Rico Retirement System respectfully requests that the Court: (i) appoint the University of Puerto Rico Retirement System as Lead Plaintiff; (ii) approve the System's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel; (iii) approve the System's selection of the law firm of Profy Promisloff & Ciarlanto, P.C. as Liaison Counsel; and (iv) grant such other and further relief as the Court may deem just and proper.

DATED: January 17, 2016                    Respectfully submitted,

9

By: /s/David M. Promisloff_____
David M. Promisloff (ID# 200971)
**PROFY PROMISLOFF & CIARLANTO, P.C.**
Joseph M. Profy (ID# 77141)
Jeffrey J. Ciarlanto (ID#205838)
100 N. 22nd Street, Unit 105
Philadelphia, PA 19103
Phone: (215) 259-5156
Fax: (215) 600-2642
david@prolawpa.com
profy@prolawpa.com
ciarlanto@prolawpa.com

*Proposed Liaison Counsel*


**ABRAHAM, FRUCHTER AND TWERSKY, LLP**
Mitchell M.Z. Twersky (*Pro Hac Vice* forthcoming)
Atara Hirsch (*Pro Hac Vice* forthcoming)
Matthew E. Guarnero (*Pro Hac Vice* forthcoming)
One Penn Plaza, Suite 2805
New York, New York 10119
(212) 279-5050
(212) 279-3655 (fax)
MTwersky@aftlaw.com
AHirsch@aftlaw.com
MGuarnero@aftlaw.com

*Counsel for University of Puerto Rico Retirement
System and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 17, 2017.

**/s/David M. Promisloff**
David M. Promisloff