UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN UTESCH, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>LANNETT COMPANY, INC., ARTHUR P. BEDROSIAN, and MARTIN P. GALVAN,<br><br>                      Defendants. | Case No. 2:16-cv-05932-WB<br><br>Judge Wendy Beetlestone |

## STIPULATION AND SCHEDULING ORDER

**WHEREAS**, on September 5, 2019, the Court entered a Scheduling Order providing that discovery between the parties shall be stayed for a period of four (4) months beginning on the date on which Defendant Lannett Company, Inc. ("Lannett") produces copies of the documents that Lannett previously produced to the State of Connecticut Office of the Attorney General (the "Attorneys General Production"), setting a schedule for this case through the submission of reply briefs in support of any dispositive motions, and ordering the parties to confer regarding the need for the Court to revise any of the deadlines set forth in that Scheduling Order [Dkt. #110] (hereinafter, the "September 2019 Scheduling Order");

**WHEREAS**, on October 7, 2019, in accordance with the September 2019 Scheduling Order, Defendants produced the Attorneys General Production;

**WHEREAS**, after the end of the four-month stay period following the Attorneys General Production, in accordance with the September 2019 Scheduling Order, the parties conferred regarding the deadlines set forth in the September 2019 Scheduling Order;

**WHEREAS**, the Parties held a telephonic hearing with the Court on May 1, 2020 to discuss the case schedule;

**IT IS HEREBY STIPULATED AND AGREED**, by and among lead counsel to the putative class and counsel for Defendants that, subject to this Court's approval, the September 2019 Scheduling Order shall be amended and/or supplemented as follows:

1. Any motion to join other parties, or to amend the pleadings in this action pursuant to Fed. R. Civ. P. 15(a)(2), shall be filed on or before **August 1, 2020**.

2. Absent further order of this Court, the parties must not seek and must not respond to any discovery request (*e.g.*, an interrogatory, a request for production of documents, a subpoena, or a notice of deposition) seeking information about the criminal investigation that the Antitrust Division of the U.S. Department of Justice (the "Department of Justice") is conducting into the generic pharmaceuticals industry.

3. Any party or other person responding to a discovery request (*e.g.*, an interrogatory, a request for production of documents, a subpoena, or a notice of deposition) (a "Responding Person") must not disclose what documents or other information has been provided to the Department of Justice in the course of its criminal investigation into the general pharmaceuticals industry, provided nothing in this Paragraph prohibits a Responding Person from producing documents or other information that previously had been provided to the Department of Justice so long as such production is made in a manner that does not indicate whether the documents or other information being produced previously was provided to the Department of Justice.

4. *Class Certification*.

    a. Plaintiffs' motion for class certification shall be filed by **September 1, 2020**.

    b. Defendants' opposition to Plaintiffs' motion for class certification shall be filed by **October 26, 2020**.

c.  Plaintiffs' reply in support of class certification shall be filed by **December 22, 2020**.

d.  Plaintiffs will make best efforts to comply with any obligations under Fed. R. Civ. P. 34 to complete by **September 1, 2020**, the production of non-privileged documents related to class certification that are responsive to Defendants' currently pending document requests, it being understood and acknowledged by both parties that Plaintiffs will make best efforts to begin producing non-privileged documents related to class certification and responsive to Defendants' currently pending document requests before September 1, 2020, and proceed on a rolling basis.  This deadline does not limit Plaintiffs' ability to supplement their production in a timely manner if Plaintiffs learn after the September 1, 2020 deadline that there are additional non-privileged documents related to class certification that are responsive to Defendants' requests.  In the event that Plaintiffs produce after September 1, 2020, non-privileged documents related to class certification that are responsive to Defendants' currently pending document requests, the deadlines for Defendants' opposition to Plaintiffs' motion for class certification (and Plaintiffs' reply in support of class certification) shall each be extended by the amount of time between September 1, 2020 and the date by which Plaintiffs represent that they have completed their production of non-privileged documents related to class certification and responsive to Defendants' currently pending document requests.

    e.    Plaintiffs will make best efforts to be available for deposition on issues related to class certification on mutually agreeable dates no later than **October 1, 2020**.  In the event that Plaintiffs are unable to make themselves available for deposition on mutually agreeable dates prior to October 1, 2020, deadlines for Defendants' opposition to Plaintiffs' motion for class certification (and Plaintiffs' reply in support of class certification) shall each be extended by the amount of time between October 1, 2020 and the later of the dates on which the class certification depositions of University of Puerto Rico Retirement System and Ironworkers Locals 40, 361 & 417 Union Security Funds occur.

    f.    Plaintiffs will serve the report of any expert offered in support of their motion for class certification, and any other expert disclosures required pursuant to Fed. R. Civ. P. 26, concurrently with the filing of their motion for class certification.  Defendants may depose and/or seek discovery from any expert offered in support of Plaintiffs' motion for class certification at any time prior to the deadline for Defendants to file their opposition to Plaintiffs' motion for class certification.

    g.    Plaintiffs will make best efforts to make available for deposition on mutually agreeable dates no later than **October 1, 2020** any expert who submits a report in support of Plaintiffs' motion for class certification.  In the event Plaintiffs are unable to make any such expert available for deposition on mutually agreeable dates prior to October 1, 2020, deadlines for Defendants' opposition to Plaintiffs' motion for class certification (and

        Plaintiffs' reply in support of class certification) shall each be extended by the amount of time between October 1, 2020 and when any such expert is deposed.

h. Defendants will serve the report of any expert offered in opposition to Plaintiffs' motion for class certification, and any other expert disclosures required pursuant to Fed. R. Civ. P. 26, concurrently with the filing of their opposition to Plaintiffs' motion for class certification. Plaintiffs may depose and/or seek discovery from any expert offered in opposition to Plaintiffs' motion for class certification at any time prior to the deadline for Plaintiffs to file their reply.

i. Defendants will make best efforts to make available for deposition on mutually agreeable dates no later than **December 1, 2020** any expert who submits a report in support of Defendants' opposition to Plaintiffs' motion for class certification. In the event Defendants are unable to make any such expert available for deposition on mutually agreeable dates prior to December 1, 2020, the deadline for Plaintiffs' reply in support of class certification shall be extended by the amount of time between December 1, 2020 and when any such expert is deposed.

j. Any deadlines in paragraphs 4(d) through 4(i) may be extended by the written consent of all parties without application to the Court. Any deadlines in paragraphs 4(a) through 4(c) may be extended by up to sixty (60) days without application to the Court by either the written consent of

all parties, or by operation of paragraphs 4(d), 4(e), 4(g), and 4(i) for the amount of time specified in such paragraphs.

    k.    In the event that any of the dates in paragraphs 4(a) through 4(c) are extended either by written consent of all parties pursuant to paragraph 4(j), or by operation of paragraphs 4(d), 4(e), 4(g), and 4(i), the Parties shall promptly inform the Court of such occurrence and submit a proposed revised scheduling order.

5.    Within thirty (30) days of a decision on Plaintiffs' motion for class certification, the parties shall confer with one another regarding the need for the Court to revise this scheduling order.

6.    All fact discovery shall be completed on or before **April 15, 2021**.

7.    *Settlement*.  Counsel for all parties must appear before Magistrate Judge Lloret to discuss settlement on a date mutually agreed upon by the parties to be determined following relaxation of the Covid-19 restrictions/limitations but no later than **May 3, 2021**.

8.    *Merits Expert Discovery*.

    a.    All expert discovery, including expert depositions of rebuttal experts, shall be completed on or before **August 4, 2021**.

    b.    Expert reports and all other expert disclosures required pursuant to Fed. R. Civ. P. 26 shall be served by the parties with respect to issues for which they bear the burden of proof on or before **April 26, 2021**.

    c.    Expert witnesses described in Paragraph 8(b) herein shall be made available for deposition on mutually agreeable dates.

        d.      Rebuttal expert reports and all other expert disclosures required pursuant to Fed. R. Civ. P. 26 shall be served on or before **July 7, 2021**.

        e.      Rebuttal expert witnesses described in Paragraph 8(d) herein shall be made available for deposition on mutually agreeable dates.

        f.      The deadlines in paragraphs 8(b) and (d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by **August 4, 2021**.

9.     All motions and applications shall be governed by the Court's Policies and Procedures.

10.    *Dispositive Motions*.

        a.      Any dispositive motions shall be filed on or before **September 23, 2021**.

        b.      Responses in opposition to any dispositive motions shall be filed on or before **November 3, 2021**.

        c.      Replies in support of any dispositive motions shall be filed on or before **December 22, 2021**.

11.    Within thirty (30) days of a decision on any dispositive motion, the parties shall confer and submit to the Court Final Pretrial Memoranda consistent with this Court's Policies and Procedures and Local Rule of Civil Procedure 16.1(c).

        a.      Any motions *in limine* shall be filed on or before the date on which the parties' Final Pretrial Memoranda are due.

        b.      If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and verdict forms shall be filed on or before the date on which the parties' Final Pretrial Memoranda are due.  Counsel are required to meet and confer

      on a joint submission of proposed jury instructions and verdict forms, noting any points of disagreement in the joint submission.

  c. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Memoranda due date.

12. This Order supersedes and replaces all other scheduling orders entered in this case, including the September 2019 Scheduling Order, and this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any modification or extension of the dates set forth herein (except as provided in Paragraphs 4(d), 4(e), 4(g), 4(i), and 4(j), and 8(f)) shall be sought by a written application to the Court in accordance with the Court's Individual Practices.

| | |
|---|---|
| _/s/ David M. Promisloff_ | _/s/ Ian M. Comisky_ |

| | |
|---|---|
| **PROMISLOFF LAW, P.C.** | **FOX ROTHSCHILD LLP** |
| David M. Promisloff (PA Bar ID 200971) | Ian M. Comisky (PA Bar ID 20634) |
| 5 Great Valley Parkway, Suite 210 | Matthew D. Lee (PA Bar ID 85914) |
| Malvern, Pennsylvania 19355 | Nathan Huddell (PA Bar ID 321472) |
| Tel: (215) 259-5156 | 2000 Market Street, 20th Floor |
| Fax: (215) 600-2642 | Philadelphia, PA 19103-3222 |
| Email: david@prolawpa.com | Tel: (215) 299-2765 |
| | Fax: (215) 299-2150 |
| *Liaison Counsel for Lead Plaintiff* | Email: icomisky@foxrothschild.com |
| | Email: mlee@foxrothschild.com |
| **ABRAHAM, FRUCHTER &** | Email: nhuddell@foxrothschild.com |
| **TWERSKY, LLP** | |
| Mitchell M.Z. Twersky (*pro hac vice*) | **KIRKLAND & ELLIS LLP** |
| Lawrence Levit (*pro hac vice*) | Jay P. Lefkowitz (*pro hac vice*) |
| Todd Kammerman (*pro hac vice*) | Matthew Solum (*pro hac vice*) |
| Ian Berg (PA Bar ID 90490) | Carrie Bodner (*pro hac vice*) |
| One Penn Plaza, Suite 2805 | Daniel R. Cellucci (*pro hac vice*) |
| New York, New York 10119 | 601 Lexington Avenue |
| Tel: (212) 279-5050 | New York, NY 10022 |
| Fax: (212) 279-3655 | Tel: (212) 446-4970 |
| Email: mtwersky@aftlaw.com | Fax: (212) 446-4900 |
| Email: llevit@aftlaw.com | Email: lefkowitz@kirkland.com |
| Email: tkammerman@aftlaw.com | Email: msolum@kirkland.com |
| Email: iberg@aftlaw.com | Email: carrie.bodner@kirkland.com |
| | Email: dan.cellucci@kirkland.com |
| *Lead Counsel for Lead Plaintiff* | |
| | *Counsel for the Defendants* |

SO ORDERED.    /s/Wendy Beetlestone, J.

_____
WENDY BEETLESTONE, J.

Dated: 5/05/2020