## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN UTESCH, Individually and On Behalf of
All Others Similarly Situated,

                      Plaintiff,

     v.

LANNETT COMPANY, INC., ARTHUR P.
BEDROSIAN, and MARTIN P. GALVAN,

                  Defendants.

Case No. 2:16-cv-05932-WB

Judge Wendy Beetlestone

### STIPULATION AND  SCHEDULING ORDER

**WHEREAS**, on January 12, 2021, the Court entered a Stipulation and Scheduling Order setting a schedule for this case through the submission of Final Pretrial Memoranda (Dkt. #145) (the "January 2021 Scheduling Order");

**WHEREAS**, Paragraph 5 of the January 2021 Scheduling Order provides that "Within fifteen (15) days of a decision on Plaintiffs' motion for class certification, the parties shall confer with one another regarding the need for the Court to revise this scheduling order;"

**WHEREAS**, on August 12, 2021, the Court granted Plaintiffs' motion for class certification (Dkt # 197, 198);

**WHEREAS**, given the approaching deadlines under the January 2021 Scheduling Order, and in consideration of the outstanding discovery and ongoing discovery disputes currently before the Special Master, the parties have met and conferred as to extending the deadlines, and have agreed to submit this proposed scheduling stipulation;

**IT IS HEREBY STIPULATED AND AGREED**, by and among all parties that, subject to this Court's approval, the January 2021 Scheduling Stipulation shall be revised as follows:

1.      Any motion to join other parties, or to amend the pleadings in this action without cause pursuant to Fed. R. Civ. P. 15(a)(2), was due on or before **August 1, 2020**.

2.      Absent further order of this Court, the parties must not seek and must not respond to any discovery request (*e.g.*, an interrogatory, a request for production of documents, a subpoena, or a notice of deposition) seeking information about the criminal investigation that the Antitrust Division of the U.S. Department of Justice (the "Department of Justice") is conducting into the generic pharmaceuticals industry.

3.      Any party or other person responding to a discovery request (*e.g.*, an interrogatory, a request for production of documents, a subpoena, or a notice of deposition) (a "Responding Person") must not disclose what documents or other information has been provided to the Department of Justice in the course of its criminal investigation into the general pharmaceuticals industry, provided nothing in this Paragraph prohibits a Responding Person from producing documents or other information that previously had been provided to the Department of Justice so long as such production is made in a manner that does not indicate whether the documents or other information being produced previously was provided to the Department of Justice.

4.      *Fact Discovery*.  All fact discovery shall be completed on or before **April 1, 2022**.

5.      *Merits Expert Discovery*.

    a.      All expert discovery, including expert depositions of rebuttal experts, shall be completed on or before **July 22, 2022**.

    b.      Expert reports and all other expert disclosures required pursuant to Fed. R. Civ. P. 26 shall be served by the parties with respect to issues for which they bear the burden of proof on or before **April 15, 2022**.

    c.      Expert witnesses described in Paragraph 5(b) herein shall be made available for deposition on mutually agreeable dates.

    d.      Rebuttal expert reports and all other expert disclosures required pursuant to Fed. R. Civ. P. 26 shall be served on or before **June 17, 2022**.

    e.      Rebuttal expert witnesses described in Paragraph 5(d) herein shall be made available for deposition on mutually agreeable dates.

    f.      The deadlines in paragraphs 5(b) and (d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by **July 22, 2022**.

6.      All motions and applications shall be governed by the Court's Policies and Procedures.

7.      *Dispositive Motions*.

    a.      Any dispositive motions shall be filed on or before **September 16, 2022**.

    b.      Responses in opposition to any dispositive motions shall be filed on or before **October 28, 2022**.

    c.      Replies in support of any dispositive motions shall be filed on or before **December 16, 2022**.

8.      Within thirty (30) days of a decision on any dispositive motion, the parties shall confer and submit to the Court Final Pretrial Memoranda consistent with this Court's Policies and Procedures and Local Rule of Civil Procedure 16.1(c).

    a.      Any motions *in limine* shall be filed on or before the date on which the parties' Final Pretrial Memoranda are due.

b.     If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and verdict forms shall be filed on or before the date on which the parties' Final Pretrial Memoranda are due.  Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict forms, noting any points of disagreement in the joint submission.

c.     If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Memoranda due date.

9.     This Order supersedes and replaces all other scheduling orders entered in this case, including the September 5, 2019 Scheduling Order (Dkt. 110), the May 6, 2020 Scheduling Order (Dkt. 120), the August 31, 2020 Scheduling Stipulation, and the January 12, 2021 Scheduling Order (Dkt. 145).  This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any modification or extension of the dates set forth herein (except as provided herein) shall be sought by a written application to the Court in accordance with the Court's Policies and Procedures.

Dated: August 16, 2021

| /s/ Ian D. Berg | /s/ Jordan D. Peterson |
|---|---|

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky (*pro hac vice*)
Lawrence Levit (*pro hac vice*)
Todd Kammerman (*pro hac vice*)
Ian D. Berg (PA Bar ID 90490)
450 Seventh Ave., 38th Floor
New York, New York 10123
Tel: (212) 279-5050
Fax: (212) 279-3655
Email: mtwersky@aftlaw.com
Email: llevit@aftlaw.com
Email: tkammerman@aftlaw.com
Email: iberg@aftlaw.com

*Lead Counsel for Lead Plaintiff*

**PROMISLOFF LAW, P.C.**
David M. Promisloff (PA Bar ID 200971)
5 Great Valley Parkway, Suite 210
Malvern, Pennsylvania 19355
Tel: (215) 259-5156
Fax: (215) 6000-2642
Email: david@prolawpa.com

*Liaison Counsel for Lead Plaintiff*

- and -

**POMERANTZ LLP**
Jeremy A. Lieberman
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (917) 463-1044

*Counsel for Plaintiff Ironworkers Locals 40, 361 & 417 Union Funds*

**KIRKLAND & ELLIS LLP**
Jay P. Lefkowitz (*pro hac vice*)
Matthew Solum (*pro hac vice*)
Jordan D. Peterson (*pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: lefkowitz@kirkland.com
Email: msolum@kirkland.com
Email: jordan.peterson@kirkland.com

**FOX ROTHSCHILD LLP**
Ian M. Comisky (PA Bar ID 20634)
Matthew D. Lee (PA Bar ID 85914)
Nathan Huddell (PA Bar ID 321472)
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel: (215) 299-2765
Fax: (215) 299-2150
Email: icomisky@foxrothschild.com
Email: mlee@foxrothschild.com
Email: nhuddell@foxrothschild.com

*Counsel for the Defendants*

**SO ORDERED.**

/s/Wendy Beetlestone, J.

WENDY BEETLESTONE, J.

Dated: _August 17, 2021