**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN UTESCH, et al., Plaintiffs,** | **CIVIL ACTION** |
| **v.** | |
| **LANNETT COMPANY, INC., ARTHUR P. BEDROSIAN AND MARTIN P. GALVAN, Defendants.** | **NO. 16-5932** |

**ORDER**

**WHEREAS** on September 23, 2019, the Court approved a Protective Order (ECF No. 111) to "expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to material so entitled in the above-captioned action";

**WHEREAS** Section 9 of the Protective Order includes several provisions governing the filing, sealing, and redaction of discovery materials designated as confidential, highly confidential, or for outside counsel's eyes only;

**WHEREAS** the Protective Order also acknowledges that its scope is subject to binding Third Circuit precedent and the Rules of Civil Procedure;

**WHEREAS** Paragraph 7.1 of the Protective Order states that any challenges to the designation of discovery materials as confidential, highly confidential, or for outside counsel's eyes only must be made "in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules";

**WHEREAS** Local Rule 5.1.5 states, in relevant part, that "[a] document in a civil action may be filed under seal only if . . . the Court orders the document sealed." E.D. Pa. R. Civ. P. 5.1.5;

**WHEREAS** the Protective Order references the Third Circuit's decision in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). That decision states, in relevant part, that the proponent of a protective order shoulders "[t]he burden of justifying the confidentiality of *each and every document* sought to be" sealed. *Id.* at 786-87 (emphasis added). The District Court then must balance, among other things, "the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* at 787;

**WHEREAS** the Third Circuit *In re Avandia Marketing, Sales Practices. & Product Liability Litigation*, clarified that there are "three distinct standards" governing challenges to the confidentiality of documents—namely: (1) the various factors articulated in *Pansy*; (2) the "more rigorous common law right of access"; and, (3) the "First Amendment right of public access" that attaches to civil trials. 924 F.3d 662, 670 (3d Cir. 2019);

**WHEREAS** *In re Avandia* reiterated that the party moving to protect records from public disclosure must clearly articulate why, with appropriate citation to case law, the content contained therein is "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 677-78 (citation omitted). After such a showing, the District Court must undertake "a document-by-document review" to ascertain whether sealing is proper. *Id.* at 673;

**WHEREAS** Defendants filed a Motion for Summary Judgment (ECF No. 252), to which Plaintiffs responded. Those submissions were accompanied by a appendices containing upwards of 3,000 pages;

**WHEREAS** after the date on which Defendants filed their Motion for Summary Judgment, they filed an unopposed Motion to File Documents under seal (ECF No. 257)

requesting that seven specific documents be filed under seal which Motion the Court granted (ECF No. 258);

**WHEREAS** Defendants filed a Motion to Exclude the Opinions of Chad Coffman (ECF No. 253), which also included references to those appendices. Plaintiffs subsequently filed a Response in Opposition to said Motion.

**WHEREAS** in filing the appendices the Parties ignored the process required by *In re Avandia* and Local Rule 5.15. Without Motion to the Court, they filed copies of their briefs under seal (ECF Nos. 254 and 269). Further, they filed numerous documents under seal or which contained significant redactions—all without seeking or obtaining prior approval of the Court: Documents with such designations include, for example, news articles, publicly-filed securities documents, and entire transcripts of depositions;

**WHEREAS** the parties' submissions also disregard Section V of the Court's Policies and Procedures for Civil Cases, which set forth a protocol for the filing of summary judgment briefs, statements of undisputed material facts, and the joint appendix. *See* https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/beepol.pdf.

**AND NOW**, this 6th day of December, 2024, following a Status Conference with the Parties, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 252) and Defendants' Motion to Exclude the Opinions of Chad Coffman (ECF No. 253) are **DENIED WITHOUT PREJUDICE.** It is **FURTHER ORDERED** that Plaintiffs' Motion for Miscellaneous Relief Regarding Plaintiff's Opposition to Defendants' Motion for Summary Judgment (ECF 267), is **HEREBY DENIED** as **MOOT**.

The Defendants' may resubmit their Motions all in accordance with the Federal Rules of Evidence, the Local Rules of the Eastern District of Pennsylvania, Third Circuit case law, and

Judge Beetlestone's Policies and Procedures.

1. Defendants shall submit any Motions to Seal or Redact Documents included in that Joint Appendix **on or before January 29, 2025**.
2. Defendants shall file their Motion for Summary Judgment and Motion to Exclude the Opinions of Chad Coffman **no later than 20 days** after an Order on any Motions to Seal is docketed. The Motions shall be exact copies of Defendants' Motion for Summary Judgment (ECF 252) and their Motion to Exclude the Opinions of Chad Coffman (ECF 253) except to the extent it is necessary to conform pinpoint cites to the Joint Appendix.
3. Plaintiffs shall file Responses in Opposition to such Motions following the schedule set forth in Section IV of the Court's Policies and Procedures for Civil Cases. *See* https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/beepol.pdf. The Responses shall be an exact copy of Plaintiffs' most recently filed responses except to the extent it is necessary to conform the pinpoint cites to the Joint Appendix.
4. If Defendants wish to file a reply brief, they shall do so following the schedule set forth in Section IV of the Court's Policies and Procedures for Civil Cases. *See* https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/beepol.pdf.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**