**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN UTESCH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>LANNETT COMPANY, INC., ARTHUR P. BEDROSIAN, and MARTIN P. GALVAN,<br><br>Defendants. | Civil Action No. 2:16-cv-05932-WB<br><br>Judge Wendy Beetlestone |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND <u>(2) ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS</u>**

Lead Plaintiff University of Puerto Rico Retirement System and Plaintiff Ironworkers Locals 40, 361 & 417 Union Security Funds (together, "Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this Reply Memorandum in further support to their motion for final approval of the Settlement and Plan of Allocation and for an award of Attorneys' fees and expenses and awards to Plaintiffs.[1]

## I. INTRODUCTION

The reaction of the Settlement Class to the proposed Settlement confirms that it is fair, reasonable, and adequate and should be approved. In compliance with the Court's Order preliminarily approving the Settlement (ECF No. 297), Plaintiffs instructed the Claims Administrator to proceed with the extensive notice program. That notice program included the mailing of 47,132 Postcard Notices, the emailing of the Claims Package or a link to the Claims Package to 19,445 potential Settlement Class Members or nominees, and the publication of the Summary Notice in *Investor's Business Daily* and transmitted over *PRNewswire*. *See* Declaration of Adam D. Walter Regarding: (A) Mailing and Emailing of Notice; (B) Publication of Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date ("Walter Decl."), ¶¶11, 13 (ECF No. 301-10); and Supplemental Declaration of Adam D. Walter Regarding: (A) Mailing and Emailing of Notice; (B) Report on Requests for Exclusion and Objections; and (C) Report on Claims Received to Date ("Walter Supp. Decl."), ¶5, filed simultaneously herewith. The Claims Administrator also created a website dedicated to the Settlement at www.LannettSecuritiesSettlement.com, where information about the Settlement was posted and

[1] Unless otherwise defined herein, all capitalized terms take the meanings provided in the Amended Stipulation of Settlement dated December 4, 2025 (the "Stipulation") (ECF No. 296-2).

links to relevant documents, including the Claim Form, the Long Notice, and the Stipulation of Settlement, could be accessed. *See* Walter Decl., ¶14.

In response to that Notice program, not a single member of the Settlement Class objected to any aspect of the Settlement, the Plan of Allocation, the application for attorneys' fees and expenses, or the request for awards to the Plaintiffs. This absence of any objections represents a significant endorsement by the Settlement Class (the group most affected by the pending motion) of the proposed Settlement and the requested fees and expenses. In addition, not one Settlement Class Member requested exclusion from the Settlement Class. Walter Supp. Decl., ¶¶6-7.

This overwhelmingly positive reaction of Settlement Class Members further supports a finding that the proposed Settlement, Plan of Allocation, and Fee and Expense request and awards to Plaintiffs are all fair and reasonable, and should be approved.

## II. THE SETTLEMENT CLASS' REACTION STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, REQUEST FOR ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFFS

Plaintiffs and Plaintiffs' Counsel respectfully submit that their opening papers show why their motion for approval of the Settlement and for the requested Attorneys' fees and expenses and awards to Plaintiffs should be approved. The time for Settlement Class Members to object to any aspect of the Settlement, including requested attorneys' fees and expenses, or to request exclusion from the Settlement Class has passed, and not one Settlement Class Members has objected or requested exclusion from the Settlement Class, demonstrating that the Settlement Class' reaction also strongly supports approval of Plaintiffs' motion.

### A. The Court-Approved Robust Notice Program

In accordance with the Court's Preliminary Approval Order, Notice was sent to 66,577 potential Settlement Class Members either by first-class mail of the Postcard Notice or by email of the Claims Package or a link to the Claims Package. *See* Walter Decl., ¶¶5-11; Walter Supp.

Decl., ¶¶3-5. The Long Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Plaintiffs' Counsel would apply for an award of attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Amount, after deducting Court-awarded expenses, as well as for payment of a maximum litigation expenses of $1,375,000, plus an award to the two Plaintiffs in a total amount not to exceed $30,000. *See* Walter Decl., Ex. B. The Long Notice also apprised Settlement Class Members of: (a) their right to object to the proposed Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and the proposed awards to Plaintiffs; (b) their right to exclude themselves from the Settlement Class; and (c) the March 13, 2026 deadline for submitting exclusions and for filing objections. *Id.*, Ex. B at 1-2.[2] The Long Notice, Claim Form and other relevant documents were also posted on the dedicated Settlement Website. *See* www.LannettSecuritiesSettlement.com; Walter Decl., ¶14.

As noted above, following implementation of this notice program, not a single Settlement Class Member has objected to the Settlement, the Plan of Allocation, the request for attorneys' fees and litigation expenses, or awards to the Plaintiffs. Moreover, no Settlement Class Member has requested to be excluded from the Settlement Class. *See* Walter Supp. Decl., ¶¶6-7.

### B. The Settlement Class' Reaction Supports Approval of the Settlement and Plan of Allocation

One factor that courts must consider when evaluating a proposed settlement is the reaction of the class to the settlement. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).[3] The absence of any objections or requests for exclusion after the extensive notice program implemented here are factors (beyond those already discussed in the opening brief) that provide strong evidence that

[2] The Summary Notice contained information about the proposed Settlement, how to obtain copies of the Long Notice and Proof of Claim, and the deadlines for the submission of Proofs of Claim, objections, and requests for exclusion. It was published in *Investor's Business Daily* on January 5, 2026, and transmitted over *PR Newswire* on the same day. *See* Walter Decl., ¶13.

[3] All citations are omitted and emphasis is added, unless otherwise indicated.

the Settlement is fair, reasonable, and adequate within the meaning of Rule 23(e)(2). *See In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weights in favor of the Settlement"); *see also McDermid v. Inovio Pharms, Inc.*, 2023 WL 227355, at *7 (E.D. Pa. Jan. 18, 2023) (only one objection, which did not object to the settlement amount, shows that the class supports the settlement and is indicative of its fairness); *Kanefsky v. Honeywell Int'l Inc.*, 2022 WL 1320827, at *5 (D. N.J. May 3, 2022) ("The absence of any objections by Class Members and the small number of opt-outs relative to the apparent size of the Class strongly weigh in favor of approval of the Settlement"); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018) ("the absence of objections by the class is extraordinarily positive and weighs in favor of settlement"); *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 312 (E.D.N.Y. 2006) (lack of objections or requests for exclusion from the class "strongly support[] approval of the settlement").

Federal courts in analogous circumstances have held that "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor" when determining whether to approve a proposed settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also id.* at 118 ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (quoting 4 NEWBERG ON CLASS ACTION §11.41); *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *4 (D.N.J. July 29, 2013) ("the reaction of the class 'is perhaps the most significant factor to be weighed in considering [the settlement's] adequacy.'").

The uniformly positive reaction of the Settlement Class also supports approval of the Plan of Allocation. *See, e.g.*, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986

F. Supp. 2d 207, 241 (E.D.N.Y. 2013), *rev'd and vacated on other grounds*, 827 F.3d 223 (2d Cir. 2016) (plan of allocation was fair and reasonable, which was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *see also Utah Ret. Sys. v. Healthcare Servs. Grp. Inc.*, 2022 WL 118104, at *11 (E.D. Pa. Jan. 12, 2022) (plan of allocation, which allocates the net settlement fund based on a method typically used in securities cases, to which no class member objected, was fair and reasonable); *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 512 (W.D. Pa. 2003) (no class member objected to the Allocation Plan, which the court found to be fair, adequate and reasonable); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) (where no class member has objected to the Plan of Allocation, court found that the "favorable reaction of the Class supports approval of the Plan of Allocation").

In addition to the fact that no objections to, or exclusions from, the Settlement have been requested, Settlement Class Members are responding to the Notice by submitting Claim Forms to participate in the recovery. Thus far, 78,087 claims have been submitted.[4] *See* Walter Supp. Decl., ¶8. The Claims Administrator has only begun the process of sorting through the submitted claims and determining their validity, but has indicated that it suspects a number of the claims submitted in this Action may be deemed invalid. However, based on the Claims Administrator's preliminary review, it seems that at least 30% of Settlement Class Members submitted claims in response to the Notice. *Id.* Until it completes its administration, the Claims Administrator cannot definitively determine which claims are valid and which are to be rejected. *Id.*

Given the number of claims submitted and the estimated number of those claims that were submitted by Settlement Class Members, the participation rate here is higher than the typical

[4] While the deadline for submitting a Claim Form has passed, typically in securities class actions a number of claims will be submitted after the deadline.

participation rate in class actions. *See*, *e.g.*, *Stephens v. Farmers Rest. Grp.*, 2019 WL 2550674, at *8 (D.D.C. June 20, 2019) (stating that over one-quarter of class members filed claims, which was "a high participation rate"); *In re APA Assessment Fee Litig.*, 311 F.R.D. 8, 21 (D.D.C. 2015) (deeming 29% a "very high participation rate"); *Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 100 (E.D.N.Y. 2015) (finding that claims constituting a 20% participation rate was well above average in class action settlements); *see also Ward v. Flagship Credit Acceptance LLC*, 2020 WL 759389, at *13 (E.D. Pa. Feb. 13, 2020) (finding 20.5% participation rate in a case brought under the Telephone Consumer Protection Act to be very high).

As to the amount of the recovery that Settlement Class Members can expect to receive, with the Claims Administrator only beginning its process, it cannot make any definitive statements about the amount that Settlement Class Members can expect to receive. However, based on its experience in administrating settlements of other securities class actions, the Claims Administrator estimates that the recovery here will be more than the estimated amount of recovery that was provided to Settlement Class Members in the Long Notice. Walter Supp. Decl., ¶9; *cf. Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) (small cash recovery was better than a higher recovery that would need to be chased through the bankruptcy courts).

### C. The Settlement Class' Reaction Supports Approval of Requested Attorneys' Fees and Expenses, and the Requested Awards to Plaintiffs

Here, not one Settlement Class Member objected to Plaintiffs' Counsel request for attorneys' fees and expenses, or the awards to Plaintiffs. This positive reaction of the Settlement Class should be considered with respect to Plaintiffs' Counsel's motion for an award of attorneys' fees and litigation expenses, and the awards to Plaintiffs. Indeed, courts uniformly hold that the complete absence of objections to the requested attorneys' fees and litigation expenses supports a finding that the requests are fair and reasonable. *See, e.g.*, *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (where only two class members objected, court upheld finding that "the

absence of substantial objections by class members to the fee requests weighed in favor of approving the fee request); *In re Innocoll Holdings Public Ltd. Co. Sec. Litig.*, 2022 WL 16533571, at *10 (E.D. Pa. Oct. 28, 2022) (no objections to the settlement or exclusions from the settlement class, "weigh[] in favor of approving the attorneys' fees in the amount requested"); *Tumpa v. IOC-PA, LLC*, 2021 WL 62144, at *11 (W.D. Pa. Jan. 7, 2021) ("The absence of any objections favors the approval of [attorneys'] fees without reduction."); *Lan v. Ludrof*, 2008 WL 763763, at *18 (W.D. Pa. Mar. 21, 2008) (no objections to expenses requested or awards to plaintiffs supports their reasonableness); *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) (no objections to requested attorneys' fees or reimbursement of litigation expenses supports their award); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (where no class members objected to the request for an award of attorneys' fees, the court stated that the "reaction by members of the Class is entitled to great weight by the Court and confirms the reasonableness of the requested fees" and that no objections to counsel's request for reimbursement of expenses and awards to plaintiffs supported awarding the amounts requested).

Accordingly, the uniformly favorable reaction of the Settlement Class strongly supports approval of the Settlement, Plan of Allocation, request for attorneys' fees and expenses, and awards to the Plaintiffs.

## III. CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Plaintiffs' Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and the awards to Plaintiffs. The proposed Order and Final Judgment is submitted herewith.

Dated: April 9, 2026

Respectfully submitted,

*s/ Lawrence D. Levit*
Lawrence D. Levit
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky (Admitted *Pro Hac Vice)*
Lawrence D. Levit (Admitted *Pro Hac Vice)*
Atara Twersky
450 Seventh Avenue, 38th Floor
New York, New York 10123
Tel: (212) 279-5050
Fax: (212) 279-3655
mtwersky@aftlaw.com
llevit@aftlaw.com
atwersky@aftlaw.com

– and –

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Patrice L. Bishop (Admitted *Pro Hac Vice*)
9440 Santa Monica Blvd.
Bank of America Building
Suite 301
Beverly Hills, CA 90210
Tel: (310) 279-5125
pbishop@aftlaw.com

*Counsel for Lead Plaintiff University of Puerto Rico Retirement System and Lead Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (Admitted *Pro Hac Vice*)
Tamar A. Weinrib (Admitted *Pro Hac Vice*)
600 Third Avenue
New York, New York 10016
Tel: (212) 661-1100
Fax: (917) 463-1044
jalieberman@pomlaw.com
taweinrib@pomlaw.com

*Counsel for Plaintiff Ironworkers*
*Locals 40, 361 & 417 Union Security Funds*

**PROMISLOFF LAW, P.C.**
David M. Promisloff (PA #200971)
230 S. Broad St., 17th Floor
Philadelphia, PA 19102
Tel: (215) 259-5156
Fax: (215) 600-2642
david@prolawpa.com

*Liaison Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, I had the foregoing electronically filed with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Lawrence D. Levit
Lawrence D. Levit