**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN UTESCH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br>v.<br><br>LANNETT COMPANY, INC., ARTHUR P. BEDROSIAN, and MARTIN P. GALVAN,<br><br>Defendants. | Civil Action No. 2:16-cv-05932-WB<br><br>Chief Judge Wendy Beetlestone |

**ORDER AND FINAL JUDGMENT**

WHEREAS, the Parties, through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Settlement Hearing, to settle and dismiss with prejudice this Action upon the terms and conditions set forth in the Parties' Amended Stipulation of Settlement, dated December 4, 2025 (the "Stipulation");

WHEREAS, on December 9, 2025, the Court issued its Order Granting Plaintiffs' Amended Unopposed Motion for Preliminary Approval of Class Action Settlement, for Issuance of Notice to the Settlement Class, and for Scheduling of Settlement Hearing (the "Preliminary Order") in this Action;

WHEREAS, it appears in the record that the Postcard Notice substantially in the form approved by the Court in its Preliminary Order and attached to the Stipulation as Exhibit A-4 was mailed to all reasonably identifiable Settlement Class Members, and was posted on the settlement website established by the Claims Administrator in accordance with the Preliminary Order;

WHEREAS, it appears in the record that the Long Notice substantially in the form approved by the Court in its Preliminary Order and attached to the Stipulation as Exhibit A-1 was emailed to all Settlement Class Members for whom email addresses were obtained and was posted on the settlement website established by the Claims Administrator in accordance with the Preliminary Order;

WHEREAS, it appears in the record that the Summary Notice substantially in the form approved by the Court and attached to the Stipulation as Exhibit A-3 was published in accordance with the Preliminary Order; and

WHEREAS, the Settlement Hearing was held before the Court on April 16, 2026 following issuance of Notice to the Settlement Class, consistent with the Court's Preliminary Order;

NOW THEREFORE, based upon the Stipulation and all of the findings, records, and proceedings herein, and it appearing to the Court upon examination and following a duly noticed

Settlement Hearing that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and should be finally approved; that the Judgment, in the form attached to the Stipulation as Exhibit B, should be entered; and that the proposed Plan of Allocation, as defined in paragraph 1.30 of the Stipulation, and set forth in the Long Notice, provides a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), the Settlement Class consists of all Persons or entities who purchased or acquired the publicly traded common stock of Lannett during the period from July 15, 2014 and October 31, 2017, inclusive, and who were damaged thereby, which was the class certified by the Court in its class certification order (ECF No. 198). "Settlement Class" and "Settlement Class Members" shall include any Person purporting to assert a claim on behalf of any Settlement Class Member, or any Person asserting a claim based on a purchase or acquisition made by any Settlement Class Member. Excluded from the Settlement Class are the Individual Defendants, each of the Individual Defendants' Immediate Family Members, Lannett, the officers and directors of the Company, at all relevant times, their Immediate Family Members and their legal representatives, heirs, successors, or assigns and any entity in which the Individual Defendants or Lannett have or had a controlling interest. Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom [of which there are none; OR who are identified in Exhibit A hereto].

3. Pursuant to FRCP Rule 23, Plaintiffs were certified as representatives of the Settlement Class ("Class Representatives"), and Plaintiffs' Lead Counsel was appointed as class counsel ("Class Counsel") for the Settlement Class.

4. In accordance with the Court's Preliminary Order, the Court hereby finds that the form, content, and methods of disseminating the Notice of the Settlement, the Plan of Allocation, and their respective terms and conditions were adequate and reasonable; met the requirements of due process, Rule 23 of the FRCP, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable laws and rules; constituted the best notice practicable under the circumstances (including individual notice to all Settlement Class Members who could be identified through reasonable effort); and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment [except those persons listed on Exhibit A to this Order and Final Judgment].

5. The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the FRCP, and is in the best interests of the Settlement Class.

6. The Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of

the Class Representatives, Settlement Class Members, and Defendants and that the record is sufficiently developed and complete to have enabled the Plaintiffs and the Defendants to have adequately evaluated and considered their positions. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Action and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice as against all Defendants and the Released Defendants' Parties. The Parties are to bear their own fees and costs, except as otherwise provided in the Stipulation.

8. Plaintiffs and the Settlement Class Members, on behalf of themselves, their successors, and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any of them ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever waived, released, dismissed, and discharged with prejudice all Released Claims against each of the Released Defendants' Parties, and the Action shall be dismissed with prejudice, regardless of whether such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim. The Released Plaintiffs' Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Defendants' Parties with respect to any and all Released Claims in any forum and in any capacity. Plaintiffs and the Settlement Class Members shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of the Released Claims, in any capacity against any of the Released Defendants' Parties. Nothing contained herein shall, however, bar Plaintiffs or the Settlement Class Members from

bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

9. Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released and discharged all Released Defendants' Claims against each Released Plaintiff Party.

10. To the fullest extent permitted by law, all Persons shall be permanently and forever barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of the Released Defendants' Claims, in any capacity, against any of the Released Plaintiffs' Parties. Nothing contained herein shall, however, bar the Released Defendants' Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

11. The releases provided for in the Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

12. Plaintiffs' Counsel are hereby awarded attorneys' fees of one-third (33-1/3%) of the $5,750,000 Settlement Amount, after the deduction of litigation expenses in the amount of $1,310,776.78, which are awarded hereby, together with any interest earned thereon for the same time period and at the same net rate as that earned by the Settlement Fund until paid pursuant to the terms set forth in the Stipulation. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiffs' Counsel in the manner in which Lead Counsel in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action

13. Such fees and expenses may be paid out of the Settlement Fund, in whole or in part, to Lead Counsel at any time after entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof; however, such payments shall be subject to all of the terms, conditions, and obligations (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations are expressly incorporated herein.

14. Plaintiffs are awarded a total of $30,000 as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4), with such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

15. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

16. All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid from the Settlement Fund as set forth in the Stipulation. In the event the Settlement is not consummated, or otherwise fails to become effective, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed or properly incurred from the Settlement Fund, except as provided for in the Stipulation.

17. The Court finds that the Parties and their respective counsel have at all times complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 in connection with the commencement, prosecution, maintenance, defense, and/or resolution of the Action and as to all proceedings herein.

18. Neither this Order and Final Judgment, the Stipulation (including the Settlement contained therein), nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a) is or may be deemed to be, or may be used as, an admission, concession, or evidence of the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Class Representatives, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence, or fault of Defendants, the Released Defendants' Parties, Plaintiffs, the Released Plaintiffs' Parties, or each or any of them;

(b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved, or made by Defendants or Released Defendants' Parties, or against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of the Plaintiffs and the Settlement Class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c) is or may be deemed to be or shall be used, offered, or received against the Parties, Released Defendants' Parties, and/or Released Plaintiffs' Parties, or each or any of them, as an admission, concession, or evidence of the validity or invalidity of the Released Claims or the Released Defendants' Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or Released Defendants' Parties, or each or any of them, that any of the Class Representatives' or Settlement Class Members' claims are with or

without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than, or greater than the amount which could have or would have been recovered after trial.

19. Defendants, Plaintiffs, Settlement Class Members, Released Defendants' Parties, and/or Released Plaintiffs' Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, injunction, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Defendants, Plaintiffs, Settlement Class Members, Released Defendants' Parties, and/or Released Plaintiffs' Parties, or any of them, may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

20. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, the Released Defendants' Parties, or the Released Plaintiffs' Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed immediately prior to the execution of the Stipulation.

22. The finality of this Order and Final Judgment with respect to its approval of the Settlement shall not be affected, in any manner, by the Court's rulings on Plaintiffs' Counsels' Fee and Expense Application or any awards to the Class Representatives.

23. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Parties are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

24. The Clerk shall **TERMINATE** this case and mark it **CLOSED**.

DATED: 4/17/2026

S/ WENDY BEETLESTONE

HONORABLE WENDY BEETLESTONE
UNITED STATES DISTRICT JUDGE